UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES KEITH, #375944, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No.: 3:12-cv-217-TAV-HBG |
| | ) | |
| JAMIE MANIS, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983 filed by plaintiff James Keith ("plaintiff"). The matter is before the Court on the motion for summary judgment filed by defendant Jamie Manis ("defendant"). Plaintiff has not filed a response to the motion for summary judgment and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**.

I.  **Standard of Review**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of

the nonmoving party. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (internal quotations marks omitted). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## II. Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint concerns an incident that occurred during his confinement in the Morgan County Correctional Complex (MCCX). Plaintiff is now confined in the South Central Correctional Center. The defendant is a MCCX correctional officer.

Plaintiff alleges that after he was allowed into C-pod to perform his cleaning duties as the center court "rockman," the defendant and fellow correctional officer Jerry

Adkins[1] were bringing inmates in from outside recreation. Plaintiff was then viciously attacked by inmates Ghorley, Jenkins, and Yerian, who cut and stabbed him with a box cutter and a homemade knife. According to plaintiff, prison policy provides that, when escorting inmates from recreation to their cells, there is to be one inmate per one officer. He thus argues that the defendant's failure to comply with this policy resulted in the assault. Plaintiff also alleges the defendant failed to properly search the inmates prior to the attack and discover their weapons. Plaintiff further alleges that inmate Ghorley had previously been caught with a weapon and was known to be dangerous. All in all, plaintiff claims that the defendant was deliberately indifferent to a serious risk of harm to him. [Doc. 2, Complaint, pp. 3-7].

The defendant has submitted her affidavit in support of her motion for summary judgment. [Doc. 27, Affidavit of Jamie Manis]. She admits that plaintiff was assaulted by other inmates:

> On January 10, 2012, other officers and I were escorting inmates to and from recreation in Unit 26, C-Pod. Inmate James Keith, #375944, an inmate cleaner, came into the pod with the pretense to mop. As inmate Keith entered the pod, Officer Jerry Adkins told inmate Keith that he needed to leave until we were finished escorting the other inmates. While inmate Keith and Officer Adkins were discussing this matter, inmate Brady Ghorley, #427500, began to speak to inmate Keith. The words quickly escalated to physical violence. Other inmates involved were Bobby Jenkins, #385176; and Steven Yerian, #274282. Officer Adkins and I used mace and verbal commands to try to subdue the inmates. I also pressed my body alarm to notify other officers of the need for assistance. CO Melissa Davis restrained inmate Yerian. Inmate Jenkins ran to his cell following being sprayed. CO Adkins and I physically restrained and cuffed Inmate

---

[1] Jerry Adkins was also named as a defendant in this action but was dismissed by the Court based upon lack of service of process.

>Ghorley, who was in procession [sic] of a weapon. A utility knife blade or box cutter was retrieved and placed into evidence according to procedure.

[*Id*. at 1-2].

The defendant testifies that all TDOC and MCCX policies were followed on the day of the incident and the inmates were searched after leaving the recreation area. [*Id*. at 2]. The defendant further testifies that she was not aware of any threats of bodily harm to the plaintiff by the other inmates prior to the incident and that the incident was unexpected. [*Id*.].

III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.")

Prison officials have a constitutional duty to protect the inmates under their control against harm by other prisoners. *Stubbs v. Dudley*, 849 F.2d 83, 86-87 (2nd Cir. 1988); *Walsh v. Mellas*, 837 F.2d 789, 796 (7th Cir. 1988). "The legal standard applicable to determining whether a violation of the Eighth Amendment occurred in the context of an assault upon an inmate is whether the defendant's conduct amounted to a 'deliberate

4

indifference' to a risk of injury to the plaintiff." *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993) (citations omitted).

> When a prison inmate alleges that prison officials failed to protect him from assault by another inmate, deliberate indifference on the part of the officials to the inmate's risk of injury must be shown. Lack of due care for a prisoner's safety by prison officials is insufficient to support a claim of an Eighth Amendment violation.

*Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992) (citations omitted). The "deliberate indifference" inquiry is a subjective test:

> We reject petitioner's invitation to adopt an objective test for deliberate indifference. We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," does not state a claim of an Eighth Amendment violation. *Id*. at 838.

Based upon the foregoing, plaintiff's allegation that the defendant should have been aware that plaintiff was at risk of attack by the other inmates fails to state a claim of deliberate indifference. There is nothing in the record to suggest that the defendant knew of the risk of assault and the defendant testifies that the attack was unexpected.

To the extent plaintiff claims that the assault resulted from the defendant's alleged failure to follow prison policy, that allegation also fails to state a claim under § 1983. A violation of state law, without more, is not sufficient to state a claim under § 1983. To

5

state a § 1983 claim, the plaintiff must establish that the defendant violated a federal right while acting under color of state law. *White by Swafford v. Gerbitz*, 892 F.2d 457, 461 (6th Cir. 1989). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993). *See also O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) ("It is settled that 'a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.'") (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 121 (1984)); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992) ("failure to comply with a state regulation is not itself a constitutional violation").

To create a liberty interest protected by due process considerations, a statute or regulation must use "'explicitly mandatory language' in connection with 'specified substantive predicates' that limit the decisionmaker's discretion." *Doe v. Sullivan County*, 956 F.2d 545, 557 (6th Cir. 1992) (quoting *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 463 (1989). Procedural guidelines are not sufficient to establish a protected liberty interest. *Beard v. Livesay*, 798 F.2d 874, 877 (6th Cir. 1986). Thus, the violation of a procedural regulation does not violate the Due Process Clause. *See Kentucky Department of Corrections v. Thompson*, 490 U.S. at 463; *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Newell v. Brown*, 981 F.2d 880, 884 (6th Cir. 1992).

## IV. Conclusion

The motion for summary judgment filed by defendant Jamie Manis will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE